## 12193

STANDARD OIL COMPANY OF NEW JERSEY, Respondent,
 *v.* POWELL PAVING & CONTRACTING COMPANY, *ET AL.*,
 of whom AMERICAN SURETY COMPANY, the NATIONAL
 BANK OF SOUTH CAROLINA, OF SUMTER, S. C., *ET AL.*,
 are Appellants.

(188 S. E., 184, 544)

*Messrs. R. B. Herbert, Geo. L. Dial, Jr., T. H. Moffatt,* and *J. B. Murphy,* and *Purdy & Bland,* for appellants.

*Messrs. Harby, Nash & Hodges, M. W. Seabrook, Raymon Schwartz, Frierson & McCants* and *Melton & Belser,* for respondent.

### On Petition for Rehearing

*Per Curiam.* Petition dismissed, and order staying remittitur revoked.

Mr. Chief Justice Watts, and Messrs. Justices Blease and Stabler, and Mr. Associate Justice Ramage concur.

Mr. Justice Cothran (dissenting) : I think for the reasons stated in the accompanying opinion, that the petition should be granted.

I cannot but feel most acutely that a great injustice is done to the American Surety Company and to the National Bank of Sumter by the decision in this case, of which a review is requested in the petition for a rehearing; and that is the only, and I think a sufficient reason why I am persistent in presenting my views favoring a rehearing, with the utmost respect for the opinion of my brethren who constitute a majority of the court and who take a different view.

It is held by the master, and sustained by the practically *pro forma* opinion of the court:

"The *Mack case* (103 S. C., 67; 87 S. E., 439), which is in principle in all fours with this case, holds that the city has an interest in the payment of labor and materials on its improvements, and that the bond taken by it for the pro-

Note: Omitted from former publication of this case in 139 S. C., 411.
—*Reporter.*

4—S. C. 140

tection of those furnishing labor and materials, as well as for their own protection, should be enforced for their benefit." ·

The very significant distinction between the bond in the *Mack case* and the bond in the case at bar, which has escaped the attention of the master and of the majority of this court is that in the *Mack case* the bond specifically provided for the payment of the claims of materialmen, while in the case at bar the bond provides for the payment only of claims for labor and damages.

Extract from the bond in the *Mack case:*

"And shall fully and promptly pay all claims of all persons who furnish material and supplies used in the construction of said works:

Extract from the bond in the case at bar:

And shall pay all claims for labor performed in and about the construction of said work and shall have paid and discharged all liabilities for injuries," etc.

And as stated in the *Mack case:*

"The bond was the last and completed and inclusive expression of that which the parties intended."

If it should be held, as I think it should, that the bond so clearly referred to the connected papers as to make the stipulations therein part of the bond, I find not a single suggestion even that the contractor obligated himself to the city to furnish material which had been paid for, or to pay for that which should be furnished. He was, of course, under an implied, perhaps express, obligation to the materialmen, but not to the city. His contract would have been fully met by furnishing the material. The city has never made any claim that the contract had not been fully performed by reason of the fact that the materialmen had not been paid. It admits that it has $22,000 in hand due to the contractor, which it cannot safely pay as long as there is a controversy over the respective rights of the bank and the materialmen with which it was not at all concerned.

No attention has been paid to the very important fact that the basis of the complaint is not a direct claim against the bond company upon its supposed liability to the materialmen. The theory of the complaint is that the bond company holds an assignment by the contractor of his interest in the contract, and that, by virtue of the connection (invisible) of the materialmen with the bond, they are subrogated to the rights of the bond company in the fund now in the master's hands, representing the balance due by the city to the contractor. The contest is, therefore, in the first instance, between the equities of the bank under its assignment and the materialmen under its claim of subrogation.

If the materialmen have any claim at all, it must be against the bond company under the obligation of its bond to insure the payment by the contractor of their claims. (An obligation which I do not think has ever existed, and which is not the basis of the complaint.) The fact that their debtor, the bond company, may have a valid claim against the city, presents no feature of the equitable right of subrogation. It cannot, I imagine, be contended that, because A. has a claim against B., and B. has a claim against C., A. has the right to be subrogated to the claim of B. against C. The contest between the bank and the bond company is a much more serious question. It has received no consideration in the opinion at all.

In the case of *Sumter Trust Co. v. Sumter County,* 136 S. C., 15; 134 S. E., 209, the contest was between the bank which had taken an assignment similar to that in the case at bar, and the bond company, which claimed an assignment as of the date of its bond, over certain funds in the hands of the county due to the contractor. The court held that, as it did not appear that the funds supplied by the bank were expended upon claims for material and labor for which the bond company was responsible, the bond company had the better title to the fund in dispute. It does not appear what would have been the result if it had appeared, as it does in

the case at bar, that the funds were so expended.   The master found (confirmed by the opinion filed) that the fund went to lessen the liability of the bond company.   In the second appeal in the *Mack case,* 114 S. C., 207; 103 S. E., 499, the court said in reference to certain vouchers taken and collected by the bank that the bond company had no right to complain, for the reason that, instead of being diverted from the enterprise, they were used in furtherance of it, and, instead of injuring the bond company, they minimized its liability to that extent.

If, therefore, it should be held that, by reason of the fact that the funds were expended in furtherance of the enterprise, and to that extent lessened the liability of the bond company, the bank has a prior right to the fund, the bond company, if liable to the materialmen, would possibly be held to make up the amount paid to the bank—matters which have not been discussed in the opinion.

In reference to the matter of interest upon the claims of the materialmen: In view of the theory of the complaint that the materialmen are entitled to be subrogated to the assignment from the contractor to the bond company of the balance in hand due to the contractor, it seems to me that the entire contest is over that fund, and the right of the materialmen to recover should be limited to that fund.

It appears that the claims of the materialmen are unliquidated claims, and under the general law they do not bear interest.   Under Section 4273 claims of every kind against corporations bear interest after 30 days from their maturity.   It is questionable whether such a discrimination is constitutional.

In any event, it strikes me as a case of great hardship that the bond company should be required to pay interest upon these claims when the fund has been tied up at the instance of the materialmen; the delay accumulating interest to the amount of $4,500.